UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50454
Summary Calendar
_____

CHARLES DAVIS,

Plaintiff-Appellant,

versus

UNKNOWN DEFENDANTS AT HUGHES UNIT;
T. WORTHINGTON, Medical Doctor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-96-CV-429)
_____

August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.[*]

PER CURIAM:

        Appellant Davis complains of the dismissal of his complaint against a Hughes Unit prison doctor, T. Worthington, who allegedly assaulted Davis while Davis was on crutches and used excessive force against him.  The district court, approving the recommendation of a magistrate judge, dismissed the action for failure to state a claim and as time-barred.  Because we believe

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the limitations issue to be dispositive, we do not discuss whether Davis stated a claim for constitutional injury.

Davis filed his complaint in September 1993 against prison officials of the Wynne Unit of TDC. In November, 1993, Davis alleged in an affidavit that the Hughes Unit prison doctor, T. Worthington had used excessive force against him. Allegations against Wynne Unit officials were disposed of by the district court for the Eastern District of Texas, while Davis's claims against Hughes Unit officials, such as Worthington, were transferred to the Western District of Texas. In an amended complaint filed on February 3, 1997, Davis finally named Worthington as a defendant and alleged that Worthington assaulted him on July 27, 1993.

Because the statute of limitations for section 1983 claims is two years, Davis's complaint is time-barred unless, as he contends, his amended complaint related back to the date of the original complaint under Fed. R. Civ. Proc. 15(c). Like the district court, we find that the complaint did not relate back. Davis's first complaint neither named Worthington as a defendant nor set out any claims against him. Although Worthington was named in an affidavit in a November 1993 pleading, this document, filed solely at court, did not generate a summons against Worthington or inform Worthington in any way that he had been made a party to the lawsuit. Rule 15(c)(3) allows an amended pleading to relate back when, *inter alia*, the party brought in by the amendment received notice of the institution of the action within a particular time, and the party knew or should have known that, but for a mistake

2

concerning identity, the action would have been brought against that party. As this test is not fulfilled, Davis's amended complaint could not relate back and cure the statute of limitations problem concerning Dr. Worthington.

The judgment of the district court is **AFFIRMED**.

3